# Vann & Waugh *v.* Adams, Thorne & Co.

## *Attachment.*

1. *Notaries appointed to exercise jurisdiction of justices of the peace; extent of jurisdiction.*—Whatever of jurisdiction is conferred upon justices of the peace, and whatever of power or authority they may exercise in the administration of that jurisdiction, are conferred by the constitution on notaries public appointed by the Governor to "have and exercise the same jurisdiction as justices of the peace;" but such notaries are not thereby clothed with, nor can they exercise, those special powers granted to justices of the peace, which form no part of their jurisdiction, and which are not necessary to render that jurisdiction effectual.

2. *Attachments; authority to issue must be specially conferred.*—Attachments are extraordinary process, unknown to the common law, not issuing out of *a court*, nor pertaining to the exercise of the ordinary powers and jurisdiction of a court; and no one has the power to issue them, unless he is thereunto specially authorized.

3. *Attachments returnable to circuit or city courts; notaries public, with jurisdiction of justices of the peace, have no power to issue.*—Notaries public appointed by the Governor to "have and exercise the same jurisdiction as justices of the peace," have no power or authority to issue original attachments, returnable to the city or circuit courts; and hence, such attachment, thus issued, is void.

[Vann & Waugh v. Adams, Thorne & Co.]

APPEAL from Marengo Circuit Court.

Tried before Hon. HARRY T. TOULMIN.

This was an attachment issued on 22d January, 1881, by J. B. Pegues, styling himself a notary public and *ex officio* justice of the peace, at the suit of Adams, Thorne & Co. against Vann & Waugh, and returnable to said Circuit Court. The defendants pleaded in abatement, *inter alia*, in substance, that the said Pegues, at the time said writ was issued, was a notary public appointed by the Governor, with the jurisdiction of a justice of the peace, in a designated precinct in said county; and that he had no authority to issue said writ. The defendants interposed a demurrer to the plea, which was sustained by the court. The plaintiffs having obtained a verdict and judgment, the defendants sued out this appeal, and here assign as error the ruling of the court above noted.

WM. E. CLARKE, and MACARTNEY & CLARKE, for appellant, cited Con. Art. I, § 9; *Ib.* Art. VI, § 26; *Webb v. Carlisle, Jones & Co.*, 65 Ala. 313; *Ex parte Gist*, 26 Ala. 156; *Sublett v. Bedwell*, 47 Miss. 266; *Carroll v. State*, 58 Ala. 401; *Ex parte Greene*, 29 Ala. 52; *Matthews, Finley & Co. v. Sands & Co.*, 29 Ala. 136; *Posey v. Pressley*, 60 Ala. 243; *Stevenson v. O'Hara*, 27 Ala. 362; *Lewis v. DuBose & Co.*, 29 Ala. 219; *Flash, Hartwell & Co. v. Paul, Cook & Co.*, 29 Ala. 141; *Ex parte Harris*, 52 Ala. 91; *Wightman v. Karsner*, 20 Ala. 446; *Woodruff v. Stewart*, 63 Ala. 211; *Ex parte Vincent*, 26 Ala. 145; *Taylor v. Woods*, 52 Ala. 477.

J. W. BUSH, E. M. VARY, and BRAGG & THORINGTON, *contra*, cited Con. 1868, Art. 6, § 13; Con. 1875, Art. 6, § 26; *Carroll v. State*, 58 Ala. 399; *Coleman v. State*, 63 Ala. 93; *Ex parte Brown*, 63 Ala. 187; *Stevenson v. O'Hara*, 27 Ala. 362; *Matthews v. Sands*, 29 Ala. 138; *Ex parte Gist*, 27 Ala. 156; *Ex parte Harris*, 52 Ala. 87; *Ex parte Thompson*, 52 Ala. 98; *Ex parte Greene*, 29 Ala. 52; Potter's Dwarris on Stat. 675; Cooley's Con. Lim. 60–3, 195–6; *Taylor v. Woods*, 52 Ala. 477; 19 Ala. 495; Burrill's Law Dic. 2 vol. p. 113.

BRICKELL, C. J.—The constitution authorizes the Governor to "appoint one notary public for each election precinct in counties, and one for each ward in cities of over five thousand inhabitants, who, in addition to the powers of notary, shall have and exercise the same jurisdiction as justices of the peace, within the precincts and wards for which they are respectively appointed," etc. The same section of the constitution, in a preceding sentence, declares: "Justices shall have jurisdiction in all civil cases, wherein the amount in controversy

does not exceed one hundred dollars, except in cases of libel, slander, assault and battery, and ejectment. In all cases tried before such justices, the right to appeal, without prepayment of costs, shall be secured by law." An antecedent section authorizes the General Assembly to confer on justices jurisdiction of prosecutions and proceedings for petit larceny and other misdemeanors. Legislation has put in exercise all the jurisdiction, civil and criminal, which is conferred, or which the constitution contemplates may be conferred on justices. Whatever of jurisdiction is thus conferred, a notary public appointed by the Governor may rightfully exercise, whether it is in its nature and character civil or criminal.—*Carroll v. State*, 58 Ala. 396. But it is *jurisdiction* to which the constitution refers—the power to hear and determine—and not functions and powers which may, by special legislation, have been conferred on justices of the peace. Whatever of power or of authority a justice may exercise in the administration of the jurisdiction with which he is clothed, a notary can properly exercise. The grant of jurisdiction, of itself, is an implied grant of all of the powers necessary to render the jurisdiction effectual. But, in addition to the jurisdiction conferred by the constitution and statutes on justices of the peace, and the power to render the jurisdiction effectual by the employment of particular process, there are special powers conferred on them; some of these powers being ministerial, and others in their nature judicial. These form no part of the jurisdiction of the justice—no part of his authority to judge or administer justice between parties in cases, civil and criminal. From his action in the exercise of these powers no appeal lies. It would be a very strained construction of the word *jurisdiction*, under any circumstances, to extend it to such powers. If such an extension were made in its meaning, as it is found in this particular clause of the constitution, the result would be, that it is of larger significance in this than in the preceding sentence of the same section, or in the antecedent section, defining the criminal jurisdiction with which a justice may be clothed. It is a sound and just rule of constitutional and statutory construction, that particular provisions are not to be extended beyond their general scope, unless such extension is clearly and manifestly designed. The law-maker must be considered as using expressions concerning the matter before him; and it would be an unjust interpretation to apply his words to other matters not within his consideration. It was the *jurisdiction* of a justice of the peace which was in the mind of the framers of the constitution; jurisdiction, as the term is applied to courts—the power to hear and determine causes and controversies. No rule of construction can be just or proper

[Vann & Waugh v. Adams, Thorne & Co.]

which would deflect the term from this, its direct and primary sense.

Justices of the peace, clerks of the circuit court, and judges of probate have a special statutory authority to issue writs of attachment to enforce the collection of debts, returnable to the circuit court of their respective counties.—Code 1876, § 3204. As was said in *Stevenson v. O'Hara*, 27 Ala. 362, and repeated in *Matthews v. Sands*, 29 Ala. 136, such writs were unknown to the common law, and no one has power to issue them, unless thereunto specially authorized. They are not ordinary process, do not issue out of *a court*, nor pertain to the exercise of the ordinary powers and jurisdiction of a court. In the cases to which we have just referred, after very able argument and careful deliberation, this court held, that the clerk of the City Court of Mobile, though the court was invested with the powers and jurisdiction of a circuit court, except as to actions to try titles to lands, could not exercise the power conferred on clerks of the circuit court to issue an original attachment. It was the ordinary process of circuit courts, employed in the exercise of their general jurisdiction, the clerk of the City Court could rightfully issue; and not extraordinary process which, by special statutes, clerks of the circuit court, exercising *quasi*-judicial power, could rightfully issue. The principle of statutory construction, upon which these decisions rest, is, that a general clause of reference in a statute to other statutes includes only general powers and provisions which are *in pari materia.* "The fair construction," said ASHURST, J., in *King v. Justices*, 2 Durn. & East, 504, "to put upon the clause of reference in question," (which was a general clause,) "seems to be this: That all the general powers and provisions given and made in acts *in pari materia*, shall be virtually incorporated into this, but that such provisions as are always considered as special provisions shall not."

The notary was without authority to issue the writ of attachment, and it is void. The judgment must be reversed, and a judgment will be here rendered quashing the attachment, and all proceedings had thereon. The appellees must pay the costs in the Circuit Court, and in this court.

NOTE.—The case of *Vann & Waugh v. Adams, Thorne & Co., supra*, was decided at December term, 1881.—REP.