# Walker *v.* The State.

*Indictment for Killing Cow Wantonly or Unlawfully.*

1. *Warrant of arrest; by whom issued* —Under the provisions of the act establishing the Criminal Court of Pike county, as under the statute regulating proceedings in the County Court (Sess. Acts 1888-9, p. 631, § 3; Code, § 4204), a warrant of arrest, returnable before that court, may be issued by a justice of the peace.

2. *Affidavit, or complaint; description of offense.*—An affidavit, or complaint on oath, made before a justice of the peace, which charges that the defendant "*kill* one cow," instead of *killed*, or *did kill*, is substantially sufficient to authorize the issue of a warrant of arrest.

3. *Ownership of property killed or injured, as between mortgagor and mortgagee.*—As against all the world, except the mortgagee and his privies, the mortgagor is regarded as the owner of the mortgaged property; and although the law-day has passed, and default has been made in the payment of the secured debt, the ownership of the property (a cow) is properly laid in him, in an indictment for killing or injuring it.

4. *Proof of value of cow.*—In a prosecution for killing a cow wantonly or unlawfully, proof of her value at the time in the immediate neighborhood is competent and admissible, as showing the price at which she might be replaced; but it is also proper to prove her value at other near and accessible markets.

FROM the Criminal Court of Pike.

Tried before Hon. WM. H. PARKS.

This prosecution was commenced on the 12th December, 1889, by an affidavit, or complaint on oath, made by Dennis Ramsey, before Lucius Reeves, a justice of the peace of said county, charging that William Walker "unlawfully or wantonly *kill* one cow, the personal property of Dennis Ramsey, of the value of $20." The justice thereupon issued his warrant for the arrest of said Walker, "to answer a charge of unlawfully or wantonly killing a cow, the personal property of Dennis Ramsey," &c.; and made it returnable before the next ensuing term of the Criminal Court of Pike. Being duly arraigned in the Criminal Court, the defendant "demurred to the affidavit," on the ground that it charged no criminal offense, and "moved to quash the warrant," on the ground that it was issued without authority of law; which demurrer and motion being overruled, he pleaded not guilty. On the trial, the prosecution adduced evidence tending to show that the defendant shot and killed the cow; while the defendant,

testifying as a witness for himself, denied that he had shot her, but said that he had struck her in the head with a small stone as he passed, and was surprised to find her lying dead on his return a short time afterwards. It was proved that the cow had belonged to Dennis Ramsey, as alleged in the affidavit and warrant; but he had conveyed her by mortgage, with other property, to J. M. Collier. The mortgage was dated March 6th, 1889, and the secured debt fell due on the 1st October, 1889. The cow was killed on or about the 1st December, 1889, and the defendant admitted that at that time a balance of about $40 was due and unpaid on the mortgage debt. On this evidence, the defendant asked the court to charge the jury, that they must find him not guilty, if they believed the evidence; and he excepted to the refusal of this charge. The defendant asked a witness, "what was the market value of the cow in the neighborhood in which she was killed?" to which question the court sustained an objection, but allowed the witness to answer "as to her value in the neighborhood and in other accessible and convenient market places;" and to this ruling the defendant reserved an exception.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—There is nothing in the objection, that the warrant was issued by a justice of the peace, returnable to the Criminal Court. The statute expressly provides for it.—Act to establish a criminal court of Pike county, approved February 25, 1889; Sess. Acts, 631, § 3; Code of 1886, § 4204. Nor is there any thing in the objection, that the affidavit employs the present, instead of the past tense, in describing the killing. The meaning can not be misunderstood.

As against all the world, except the mortgagee and his privies, the mortgagor is treated as the owner of mortgaged property.—3 Brick. Dig. 645, § 177. He has an insurable interest in the property.—*Com. Fire Ins. Co. v. Cap. City Ins. Co.*, 81 Ala. 320. The cow was correctly described as the property of Dennis Ramsey.

The Criminal Court erred in disallowing the evidence offered by defendant of the value of the cow in the neighborhood in which she was killed. As a general rule, that is the better standard of value; for, ordinarily, that determines the price at which the lost property can be replaced.—1 Sedg-

wick Dam. (7th Ed.), 586, note. It was competent also to prove the value at other near and accessible markets, to be weighed by the jury with the other evidence in fixing the amount of the fine.—*Whipple v. Wilcox*, 10 N. H. 130. The testimony was admissible in the form in which it was asked, and also in the form allowed by the court.

Reversed and remanded.