# Reeves *v.* The State.

*Indictment for Adultery.*

1. *Warrant of arrest; by whom issued; when properly returnable to other court than that of the justice of the peace.*—Under the provisions of the act of the General Assembly, establishing the Criminal Court of Pike county, as under the statute regulating the proceedings in county courts (Acts of 1888-89, p. 631, § 3; Code of 1886, § 4404), a warrant of arrest returnable before that court may be issued by a justice of the peace; and when the complaint made before the justice of the peace charges an offense of which the justice has not final jurisdiction, the warrant of arrest is properly made returnable to the criminal court of Pike county.

2. *Affidavit or complaint; immaterial difference in spelling name of complainant.*—Where it is manifest from the complaint made before a

31

'[Reeves v. The State.]

justice of the peace, charging the commission of a criminal offense, that the person who verified and subscribed it was identical with the person who appeared before the justice of the peace and made it, a difference in the spelling of the name of such person, resulting from a mere clerical mistake on the part of the person who wrote it, is immaterial.

APPEAL from the Criminal Court of Pike County.

Tried before the Hon. E. B. WILKERSON.

The prosecution in this case was commenced by a complaint being made before a justice of the peace of Pike county, charging the appellant, Mary Reeves, with living in adultery with one Henry Myhan. The complaint was signed by "Hattie Patterson." In the body of the complaint and in the warrant which was issued thereon, the person making the complaint is described as "Hattie Patison." Upon the making of the complaint the justice of the peace issued the warrant setting forth therein the offense charged, as contained in the complaint, and made the warrant returnable to the criminal court of Pike county. There was a plea to the jurisdiction of the court and a motion in arrest of judgment, upon the ground that the warrant was not made returnable to the proper tribunal. This motion was overruled. The defendant interposed a plea in abatement and a motion to quash the complaint, upon the ground that there was a variance between the person alleged in the complaint and in the warrant of arrest to have made the complaint, and the person who signed the complaint. This plea and motion were overruled. These rulings constitute the only questions presented for review on the present appeal.

D. A. BAKER and T. L. BORUM, for appellant, cited *Merlette v. State*, 100 Ala. 42; *Munkers v. State*, 87 Ala. 94.

WILLIAM C. FITTS, Attorney-General, for the State.— The warrant of arrest was properly issued by the justice of the peace and made returnable before the criminal court of Pike county.—*Walker v. State*, 89 Ala. 74.

The warrant was sufficient and the alleged variance was immaterial.—*Wilson v. State*, 99 Ala. 194; *McLeod v. McLeod*, 75 Ala. 483.

[Glenn v. The State.]

McCLELLAN, J.—The warrant of arrest issued by a justice of the peace was properly made returnable to the criminal court of Pike county.—*Walker v. State*, 89 Ala. 74.

The names Patison and Patterson are, it would seem, *idem sonans.*—16 Am. & Eng. Encyc. of Law, p. 122, note, p. 124; *Taylor v. Rogers*, 1 Ala. 197; *Jackson v. Cody*, 9 Cow. (N. Y.) 140; *Petrie v. Woodworth*, 3 Caine, (N. Y.), 219; *Page v. State*, 61 Ala. 16; *Aaron v. State*, 37 Ala. 106; *Edmundson v. State*, 17 Ala. 179; *Gresham v. Walker*, 10 Ala. 370. But whether so or not, it is manifest from the complaint in this case that the Hattie Patterson, who verified and subscribed it, was identical with the Hattie Patison who appeared before the officer and made it, and that the difference in the spelling of the name resulted from a mere clerical mistake of the person who wrote it.

There is no error in the record, and the judgment must be affirmed.

Affirmed.

