# Pell City Manufacturing Co.
## v. Swearingen.

*False Imprisonment.*

(Decided June 30, 1908.  47 South. 272.)

1. *Bill of Exceptions; Time of Filing.*—A written agreement by attorneys for the parties to the cause which recited that the cause was tried and judgment rendered at the present term of the court, and that it is agreed by and between them that the presiding judge might sign the bill of exceptions at any time within thirty days from the adjournment of the term which agreement was dated May 23, 1907, the bill having been signed by the judge June 3rd, 1907, shows that the agreement was signed and filed during the then pending term of the court.

2. *False Imprisonment; Liability of Persons Procuring Process.*— Where the process under which plaintiff was imprisoned was valid on its face, was issued by an officer having jurisdiction of the offense, and made returnable to a court of competent jurisdiction,

those procuring the issuance of the process, or who instigated its issuance, are not liable in trespass for false imprisonment, whatever their lliabillity in case for a malicious·prosecution might be.

3. *Criminal Law; Warrants; Validity.*—The warrant made returnable to the county court of St. Clair county at Pell City is not void, although Pell City was a place where the court could not legally sit; the words, "at Pell City," are mere surplusage and may be disregarded.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Marion Swearingen against the Pell City Manufacturing Company for false imprisonment. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The seventh count was in the following language: "Plaintiff claims $10,000 damages of defendant, a corporation organized under the laws of Alabama and doing business· in St. Clair county at the ·time of the grievance herein complained of, and is now doing business in said county, for unlawfully procuring the arrest and imprisonment of plaintiff in St. Clair county, against the will of plaintiff, for a long space of time, to wit, 51 days, embracing all the time from and including January 2, 1904, to and including February 23, 1904, on a charge of trespass after warning. Plaintiff avers that said charge, before the commencement of this action, has been judicially investigated, and said prosecution ended, and said plaintiff discharged."

The defendant interposed the general issue and the plea of the statute of limitation of one year, as well as plea 3: "Defendant, for further answer to plaintiff's complaint and to each count thereof, says: That the alleged arrest, imprisonment, and injuries of which plaintiff complains, and for which he seeks in this action to recover damages of this defendant, were made in due and proper course of legal proceedings upon process not void, in that on or about the 2nd day of January,

1904, one James W, Cosper made affidavit before one W. C. Beavers, who was at the time a justice of the peace in and for St. Clair county, Ala., charging plaintiff with the criminal offense of entering upon the premises of the Pell City Manufacturing Company after having been warned not to so enter within six months preceding such entry. That said affidavit was in due form and substance, and in due course of legal procedure, charging plaintiff with trespass after warning. That, upon the making of said affidavit of complaint by the said James W. Cosper, the said W. C. Beavers, as such justice of the peace, in due form, substance, and due course of legal procedure issued a warrant for the arrest of plaintiff, and made the same returnable before the judge of the county court of St. Clair county, Ala., and caused said warrant to be placed in the hands of W. H. Crow, who was the duly qualified deputy sheriff of said county. That in obedience to the mandate of said warrant the said W. H. Crow, as such deputy sheriff, arrested plaintiff, using no force other than necessary in making such arrest in the execution of said warrant. That in default of bail plaintiff was placed in jail, and held by the sheriff of said county to await trial for said offense. That said cause was duly tried before Hon. W. S. Foreman, judge of the county court of said county, on or about the 23d day of February, 1904; the same being legally prosecuted by W. A. Starnes, who was deputy solicitor of said county, whereupon plaintiff was acquitted of said charge on his plea of not guilty."

Demurrers were filed both to the complaint and to the pleas; but from the condition in which the record is it is practically impossible to here set them out. The other facts are sufficiently stated in the opinion of the court.

M. M. SMITH and VICTOR SMITH, for appellant. Under the facts in this case false imprisonment was not made out.—*Rhodes v. King,* 52 Ala. 272. Certainly, the one procuring the issuance of the warrant cannot be charged with a trespass.—*Chambless v. Bauer,* 127 Ala. 86. Counsel discuss the legality of the court at Pell City under the authority of the Constitutional enactment and cite authorities in support of their contention.

DENSON & DENSON and JAMES A. EMBRY, for appellee. It does not affirmatively appear that the bill of exceptions was signed within the time required by law. —*A. E. & G. Co. v. Cooper,* 136 Ala. 420; *C. of G. Ry. Co. v. Carroll,* 41 South. 517; *Baker v. Swift,* 87 Ala. 532; *Lienkauf v. T. S. & A. Co.,* 99 Ala. 619. Counsel contend that all the errors assigned being based upon what purports to be a bill of exceptions and the bill of exceptions being improperly in the record, the judgment should be affirmed.

McCLELLAN, J.—Action for damages for false imprisonment. The judgment entry recites that all counts, save the seventh, were withdrawn by the plaintiff (appellee) that demurrers were sustained to plea 2 and overruled as to plea 3, and that issue was joined on plea 2. Plea 2 was the statute of limitation of 12 months, and plea 3 alleged the arrest to have been effected under void process. The stated contradiction apparent in the judgment entry is relieved by the bill of exceptions, from which it appears that plea 3, instead of plea 2, was the plea on which issue was taken; the plea not being subject to any of the grounds of demurrer assigned to it. We feel compelled to remark that the confusion present in this record is inexcusable.

It is urged by appellee that the purported bill of exceptions does not appear affirmatively to have been signed by the presiding judge, so as to render it a part of the record. We entertain the contrary opinion. Over the signatures of the respective counsel this agreement appears in the record to have been in writing made and filed in the court below: "This cause having been tried and judgment rendered in favor of the pltintiff *at the present term* [italics supplied] of the court, and the defendant having given notice of its desire to prosecute an appeal from such judgment, it is hereby agreed by and between counsel for the plaintiff and counsel for the defendant that the presiding judge may sign a bill of exceptions, so that the same may become a part of the record, both from the main trial and judgment and ruling of the court on the defendant's motion for new trial, at any time within 30 days from the adjournment of this term of the court. This May 23, 1907." The bill purports to have been signed by the presiding judge on the 3d day of June, 1907, a date within 30 days from the date of the copied agreement. It is hardly necessary, in view of the written agreement, to state that the writing shows on its face that it was executed and filed during the present (then pending) term of the court.

The affidavit and warrant, the testimony shows, were in the usual and proper form for prosecutions for trespass after warning, except that the warrant was made returnable to the "county court of St. Clair county at Pell City." It was thought for upwards of a year that the county court of St. Clair county was being legally held at Pell City; but it was later pronounced by this court that the presumed authority therefor was invalid. It was prior to the judgment of this court, referred to, that the prosecution in question was instituted. If the

C 26

process described in count 7 and set up in special plea
of justification was valid on its face, issued by an officer
having jurisdiction of the offense for that purpose, and
returnable to a court of competent jurisdiction, those
issuing the process or instigating it could not be liable
in trespass for false imprisonment, whatever might be
their liability in case for malicious prosecution.—*Rhodes
v. King,* 52 Ala. 272.

The only point made against the process under which
plaintiff was taken into custody is that the warrant was
void because it was made returnable to the county court
of St. Clair county at Pell City, a place whereat such
court could not legally sit. In other words the expression
"at Pell City" rendered the warrant void. The warrant
was regular in all other respects, as was also the affida-
vit supporting it. The addenda of the words "at Pell
City" after the direction of the return to the county
court of St. Clair county, is mere surplusage. In legal
fact the county court of St. Clair, while, of course, then
existent, with jurisdiction of the offense imputed by
the affidavit, could not lawfully sit at Pell City. As
well might warrant have designated the city of Gadsden
as the place whereat the county court of St. Clair would
sit for the disposition of the prosecution. The warrant
was returnable to the court mentioned, and the place
for its sitting was at the county seat, so that whatever
addenda the justice supplied as descriptive of another
place was foreign to the process as certainly as if he
had interpolated Birmingham as the place of trial.
Hence the warrant was not void, but valid. The case
of *Relfe v. Valentine,* 45 Ala. 286, is substantially in
point. There the summons commanded the appearance
of the defendant Relfe "at next term of the circuit
court of Montgomery, to be held for said county, at
the place of holding the same." The summons was head-

ed, "The State of Alabama, Lowndes County." The point urged against the summons was practically as here. The court said, in part: "The words "of Montgomery,' in the writ, are mere surplusage. Their insertion is a mere irregularity, and they may be stricken out, without injury to the force of the precept."

The testimony, without dispute, shows that the arrest was under valid process; and hence the affirmative charge was erroneously given for the plaintiff, but should have been given for the defendant, The judgment is reversed and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.