# Red *v.* The State.

### *Violating Prohibition Law.*

(Decided May 19, 1910.    Rehearing denied June 30, 1910.
52 South. 885.)

1. *Affidavit and Warrant; Sufficiency.*—It is immaterial on the validity of a warrant that it was returnable to the judge of the criminal court of Jefferson county instead of to the court as required by local acts 1903, p. 379.

2. *Same; Courts.*—Courts of inferior jurisdiction or the judges thereof established in lieu of justice courts as authorized by section 168, constitution 1901, may be empowered to take affidavits and issue warrants in misdemeanor cases returnable to the criminal court having jurisdiction of such offenses.

3. *Same.*—The only effect of local acts 1903, p. 379 so far as jurisdiction is concerned is to broaden the effect of an exercise of that jurisdiction although the act deals with justices of the peace and not with inferior courts as authorized by section 168, constitution 1901, and does not have the effect to increase the jurisdiction of the justice of the peace in violation of subdivision 21, section 104 of the constitution as justices of the peace had jurisdiction to take such affidavit and issue warrants.

[Red v. The State.]

4. *Jury; Trial by; Time to Demand.*—One charged with misdemeanor must make a demand for a jury trial within the time fixed by law for that purpose, or else the demand comes too late.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Jim Red was convicted of violating the prohibition law and he appeals. Affirmed.

ALLEN & BELL, for appellant. The judge of the inferior court of Birmingham was without authority to issue a warrant returnable to the criminal court of Jefferson county much less to make the warrant returnable to the judge of such court.—*Lee v. The State,* 143 Ala. Justices of the peace being without authority to issue warrants returnable to the criminal court of Jefferson county, certainly the inferior court was without jurisdiction.—*Spurlock v. The State,* 48 South. 849; Subd. 21, Section 104, Constitution 1901; *Alford v. Hicks* 38 South. 752. Section 168 of the Constitution limits the legislature in creating inferior courts in its power to give jurisdiction to such court with that already being exercised by justices of the peace, and this power cannot be exceeded.—*Alford v. Hicks, supra;* 34 Pac. 708; 3 Fed. 753; 47 Am. St. Rep. 889; 73 Am. Dec. 699. The warrant was made returnable to the judge and hence, was not made returnable to any court.—*Scott v. The State,* 141 Ala. 43; *Morris v. The State,* 146 Ala. 86; *Bankhead's Case,* 124 Ala. 14; *Washington's Case,* 81 Ala. 35. The defendant was improperly denied a trial by jury.—*McClellan v. The State,* 118 Ala. 122; *Goldfield v. Finnagan,* 114 Ala. 39; *Cross v. The State,* 78 Ala. 430; 41 S. E. 90; 37 Atl. 227; 70 Am. St. Rep. 288; 49 Am. Dec. 478.

ALEXANDER M. GARBER, Attorney General, for the State. The judgment of the inferior court had author-

ity to issue warrant and take affidavit and make them returnable to a court having jurisdiction of the offense. —*Walker v. The State,* 89 Ala. 74; *Reeves v. The State,* 116 Ala. 481. It was no objection that the warrant was made returnable to the judge instead of the court.— *Carnley v. The State,* 50 South. 362.

McCLELLAN, J.—By express provision of the act creating the inferior court in precincts 21 and 37 of Jefferson county, authority was conferred on the judges of that court to take affidavits and issue warrants in misdemeanor cases "directly returnable to any court having final jurisdiction thereof."—Loc. Acts 1903, pp. 379, 381. In this instance a judge of that inferior court took an affidavit charging appellant with a misdemeanor, and issued a warrant thereon returnable before the "judge of the criminal court of Jefferson county." The accused was promptly arrested and made a bond for his appearance "at the present term of the criminal court of Jefferson county."

The improper direction for the *return* before the "judge" of the criminal court was an immaterial irregularity.—*Carnley v. State,* 162 Ala. 94, 50 South. 362; *Pell City Man. Co. v. Swearingen,* 156 Ala. 397, 47 South. 272.

There is no constitutional inhibition against the taking of affidavits charging misdemeanors, and the issuance of warrants therefor returnable to criminal courts created by statute, by justices of the peace.—*Walker v. State,* 89 Ala. 74, 8 South. 144; *Reeves v. State,* 116 Ala. 481, 23 South. 28; *Lee v. State,* 143 Ala. 93, 95, 39 South. 366. So that, if the argument that inferior courts, established in lieu of the tribunals called "justice courts," as provided may be done by section 168 of the Constitution of 1901, are, strictly speaking, substitutes only for the justice courts, be accepted as apt and

correct, the conclusion does not follow that such a sub-stitutionary court or its judges cannot be properly em-powered to take affidavits and order the *return,* in mis-demeanor cases, of warrants to the criminal courts of counties having those tribunals.

The act (Acts 1894-95, p. 498) considered, as pres-ently pertinent, in *Lee v. State, supra,* was a restric-tion on the power of the justices of the peace therein described, and it was held on that appeal that the pro-cess was improperly made returnable, in that instance, to the criminal court instead of to the police court.

There is no merit in the insistence that the act creat-ing the inferior court in precincts 21 and 37 (Loc. Acts 1903, p. 379 et seq.), is violative of subdivision 21 of section 104 of the Constitution of 1901, in that it in-creased the jurisdiction of the justices of the peace by local law. Aside from other probable reasons, this consideration is satisfactory: That the effect of the latter act was not to increase *jurisdiction,* even had it dealt with justices of the peace instead, as it did, of an inferior court (Const. § 168), since to take affidavits and to issue warrants the justices already had jurisdic-tion, and the only result of the amplification was to broaden the effect of an exercise of that jurisdiction previously possessed.

The defendant's demand for a trial by jury was at-tempted to be made after the expiration of the period allowed by law for that purpose. It came too late.

The affidavit was not subject to demurrer. Its words "A prohibition district and" were surplusage merely.

There is no error apparent on the record; so the judg-ment is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SIMPSON, JJ., con-cur.

### ON REHEARING.

Out of deference to the insistence of counsel for appellant, we add a few words of response to the argument for rehearing.

The point taken by counsel for appellant, on the original submission, and again on application for rehearing, was understood, and, we think, clearly ruled on, and so, without overruling *Lee v. State,* 143 Ala. 93, 39 South. 366. There is no occasion to depart from it. *Jurisdiction* is defined, more amply for the present purpose, in our reports in *Vann v. Adams,* 71 Ala. 475; but it may well be added that *Lee's Case* did not formulate a different definition. The *Lee Case* pronounced the word *jurisdiction,* as employed in the title of the act, to be synonymous with *power* or *authority;* and so reading it—reading it as not being used in the sense of the "power to hear and determine," because *courts* were not being dealt with in that connection—the title of the act was ruled to be sufficiently definite, as well as comprehensive, to embrace the *return* of process, issued by the justice of the peace, to the police court. While not now concerned with the title of an act, but with the term *jurisdiction* as employed in subdivision 21. of section 104 of the Constitution and its application to a broad statutory provision authorizing the *return* of process to certain courts, generally jurisdictioned to finally try misdemeanor cases, it was ruled, as appears in the opinion in chief, that the jurisdiction of the inferior judge was to take the affidavit and to issue the warrant thereon; and that the broader provision for the *return* of the process to courts jurisdictioned to finally try misdemeanants amplified the *power* or *authority,* but did not *increase* the jurisdiction of the inferior judge.—*Vann v. Adams, supra.* Such is the distinction necessarily recognized in the *Lee Case.*

Application denied.