# Sapp *v.* The State.

## *Violating Prohibition Law.*

(Decided Feb. 2, 1911. 54 South. 515.)

1. *Intoxicating Liquors; Affidavit; Sufficiency.*—The affidavit in this case stated and examined and held sufficient to charge the offense of selling spirituous, vinous or malt liquors without license and contrary to law, and to sufficiently charge the offenses as having been committed since the enactment of the prohibition statute.

2. *Courts; Warrant; Return.*——The warrant in this case was properly made returnable to the city court of Bessemer, and the fact that it was made reurnable before the judge thereof was not good grounds of demurrer or motion to quash.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Matt Sapp was convicted of a violation of the liquor law, and he appeals. Affirmed.

The affidavit was as follows: "Personally appeared before me, William Jackson, judge of the city court of Bessemer, in and for said county, Irvin Steele, who, being duly sworn, says that Matt Sapp, alias Sam Mc-Brice, within 12 months before making this affidavit, in said county, did sell, offer for sale, or otherwise dispose of spirituous, vinous, or malt liquors, contrary to law, and since the 1st day of September, 1909, against the peace and dignity of the state of Alabama." The warrant was returnable before the judge of the city court of Bessemer, in Jefferson county, at the present term of said court.

MATTHEWS & MATTHEWS, for appellant. No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. Motion to quash and the demurrers to the affidavit and warrant because the warrant was made returnable before the judge instead of the court, are properly overruled.—*Redd v. The State,* 52 So. 886; *Carnley v. The State,* 50 So. 368; *Pell City M. Co. v. Swearingen,* 156 Ala. 397. There was no merit in the other exceptions.

SIMPSON, J.—The appellant was convicted of the offense of selling or otherwise disposing of spirituous, vinous, or malt liquors contrary to law. There was

no error in overruling the motion to quash and the demurrer to the affidavit.—*Redd v. State,* 167 Ala. 96, 52 South. 886; *Carnley v. State,* 162 Ala. 94, 50 South. 362; *Pell City Manufacturing Co. v. Swearingen,* 156 Ala. 397, 47 South. 272; *Higdon et al. v. Stuckey,* 169 Ala. 148, 53 South. 301.

The affidavit charges that the offense was committed within 12 months before the commencement of the prosecution, and also since the 1st of September, 1909; thus placing it after the enactment of the statute of August, 25, 1909.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.

### *Violating Prohibition Law.*

