# Gray v. The State.

## *Carrying Concealed Weapon.*

(Decided May 9, 1911.    55 South. 441.)

1. *Warrant; Return; Process.*—Because a warrant of arrest is
made returnable to the judge of the county court instead of to the
court does not render it fatally defective.

2. *Same; Statutes.*—Where accused was arrested on a warrant
returnable to the judge of the county court of Clay county, he was
properly triable on a complaint filed by the solicitor charging the
offense denominated in the warrant, as provided by section 25, acts
1898-9, p. 186.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Will Gray was convicted of carrying a pistol, and he
appeals. Affirmed.

The affidavit was made before J. W. Miller, a justice
of the peace, and charged the carrying of a pistol con-
cealed by the person. The warrant thereon was made re-
turnable before the judge of the county court of Clay
county on the 1st day of July, 1909, next. On Septem-
ber 28, 1909, the solicitor filed the complaint as follows:
"The state of Alabama, by its solicitor, complains of

Will Gray that within 12 months before the commence-
ment of this prosecution he did carry a pistol conceal-
ed upon his person in said county, against the peace
and dignity of the state of Alabama." The defendant
objected to going to trial on this information filed by
the solicitor: (1) Because there is no provision of law
in this court whereby the defendant can be brought in-
to court, and information filed against him, and the de-
fendant tried upon same; (2) there is no provision of
law whereby the defendant can be brought into court,
and then information being filed against him, and he be
compelled to be tried on same.

WHATLEY & CORNELIUS, for appellant. No brief came
to the Reporter.

ROBERT C. BRICKELL, Attorney General, and THOMAS
H. SEAY, Assistant Attorney General, for the State.
The warrant was not made fatally defective because
made returnable to the judge instead of to the court.—
*Carnley v. The State,* 162 Ala. 94; *Redd v. The State,*
52 So. 885. County courts have jurisdiction to try mis-
demeanors upon warrants returnable to them by jus-
tices of the peace, and this court has the same jurisdic-
tion.—Acts 1898-9; p. 176; *Smith v. The State,* 165 Ala.
122. It was proper for the solicitor to file the complaint
and try the defendant thereon so long as the complaint
was based upon the original charge.—*Moore v. The
State,* 165 Ala. 109.

PER CURIAM.—The appellant was convicted of the
offense of carrying a pistol concealed about his person.
There is no merit in the objections made to the warrant
of arrest, because is was made returnable to the "judge"
of the county court, in place of being made returnable .

to the court.—*Carnley v. State,* 162 Ala. 94, 50 South. 362; *Redd v. State,* 167 Ala. 96, 52 South. 885.

The other objections, with regard to the return by a justice of the peace to said county court, to the form of the warrant, and to the complaint filed by the solicitor, are without merit. Section 25 of Acts of 1898-99, p. 186, provides: "That all cases of misdemeanors returned by justices of the peace, or appeals from the justices or other courts of said county, to the said county court shall be tried upon the complaint of the solicitor filed in the cause," etc.

There being no error apparent on the record, the judgment of the court is affirmed.

NOTE.—The above opinion was prepared by Mr. Justice Simpson of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.