(105 So. 917)

## POPE v. STATE.   (4 Div. II.)

(Court of Appeals of Alabama.   Aug. 4, 1925.
Rehearing Denied Oct. 27, 1925.)

**1. Intoxicating liquors ⊚⇒238(1)—Conflicting evidence properly submitted to jury for determination.**

In prosecution for violation of prohibition law, conflicting evidence was properly submitted to jury for determination.

**2. Criminal law ⊚⇒218(2)—Making warrant returnable before judge instead of before court an immaterial irregularity.**

Issue of warrant, made returnable before county judge instead of county court, *held* immaterial irregularity.

**3. Criminal law ⊚⇒218(2)—Under statute, justice of peace has power and authority to take affidavit and issue warrant returnable to county judge.**

By express terms Code 1923, § 3815, justice of the peace has power and authority to take affidavit of any individual accusing another of liquor offense, and to issue warrant returnable to county court.

**4. Criminal law ⊚⇒1030(4), 1031(1)—Question as to validity of affidavit and warrant issued thereon cannot be raised for first time on appeal.**

Question as to validity of affidavit and warrant issued thereunder by justice cannot be raised for first time on appeal, where no objection was made to being put to trial either in county court or circuit courts.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Vassie Pope was convicted of violating the prohibition law, and he appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The process issued by the justice of the peace was coram non judice and void. Brown v. State, 19 Ala. App. 256, 96 So. 726; Breeding v. State, 19 Ala. App. 676, 97 So. 924; Bush v. State, 12 Ala. App. 260, 67 So. 847.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The contention of appellant is adversely decided in Williams v. State, 18 Ala. App. 286, 92 So. 28.

BRICKEN, P. J.  The appellant was tried and convicted for the offense of violating the prohibition law, and appeals.

[1] The trial in the court below proceeded throughout without objection or exception. The evidence was in conflict and was therefore properly submitted to the jury for its determination.

The affirmative charge was requested in writing and refused. In this, there was no error.

The insistence is here made that the process upon which defendant was tried was coram non judice, and void, in that the justice of the peace had no jurisdiction to take the affidavit or issue the warrant.

[2] From the record, we find that the original affidavit was sworn to by one W. R. McBryde before W. J. Baxley, a justice of the peace, and that a warrant was issued by said justice of the peace, directed "to any sheriff of the state," and made returnable before A. Y. Malone. It also appears that the said A. Y. Malone was the judge of the county court of Houston county.

It has many times been held that the making of a warrant to be returned before the judge instead of before the county court is an "immaterial irregularity." Red v. State, 167 Ala. 96, 52 So. 885, and cases cited. Williams v. State, 18 Ala. App. 286, 92 So. 28 (on rehearing).

The proceedings appear to have been regular in the county court, and that, from a judgment of conviction in said court, defendant appealed to the circuit court, and was there tried upon a complaint filed in the cause by the solicitor.

[3] We cannot accord to the insistence that the original affidavit and warrant was void. By express terms of the statute, the justice of the peace had the power and authority to take the affidavit in question and to issue the warrant returnable to the county court. Section 3815, Code 1923 (section 6703, Code 1907). This section provides:

"A party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense * * * has been committed in said county, * * * then the judge of said court or justice of the peace * * * shall issue his warrant."

See, also, Lee v. State, 143 Ala. 93, 97, 39 So. 366.

[4] Both the county court, and the circuit court on appeal, had jurisdiction of the subject-matter; and of the person, no objection was interposed in either court to being put upon trial. The process not being void, even if the insistence here made contained any semblance of merit, it could not be raised for the first time in this court upon appeal.

The judgment of conviction appealed from is affirmed.

Affirmed.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes