159 So. 211

### BRIGHT v. SAWYER.

6 Div. 643.

Supreme Court of Alabama.

Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

ANDERSON, Chief Justice.

This case seems to have been tried on counts 1, A, and B, and which we construe as for false imprisonment as ·distinguished from a malicious prosecution.

The mere ·fact that West was the defendant's agent to visit the plaintiff for the purpose of collecting a debt did not in and of itself give West the authority to arrest the plaintiff for or in behalf of the defendant so as to render him liable therefor, unless the defendant procured the arrest or ratified same; and this seems to have been the ruling of the trial court.

The plaintiff, however, sought to connect the defendant with the arrest by parol proof of a warrant, under which the plaintiff was arrested by West, which said warrant bore the name of the defendant and when exhib-

ited to him by West, with the plaintiff upon his return to Cullman, the defendant received said warrant, put it away in his safe, and, in effect, ratified said arrest. The defendant and his witnesses not only denied an arrest, but the existence of a warrant.

 In actions for false imprisonment when the defendant seeks to justify an arrest under legal process, the burden of proof is upon him to establish legal authority for doing so. But when, as here, the defendant denies the arrest and does not seek to justify and the plaintiff relies upon an arrest upon a warrant with which the defendant is connected, or which he ratifies, the burden of proof is upon the plaintiff to show that the arrest was unlawful, either that the warrant or other process upon which the arrest was made was spurious, invalid, or was abused. When the plaintiff proved the arrest under a warrant, he made out a partial case of justification, and was not entitled to a judgment unless he went further and proved other facts showing that the arrest was unlawful or unauthorized; and this was not done. The warrant thus proved by the plaintiff was prima facie valid, and authorized the arrest, and if for other reasons the arrest was not lawful, these facts should have been shown by the plaintiff. This is not a question of shifting the burden of proof as to justification when the one pleads justification, but when the plaintiff takes the initiative and proves process in order to fasten liability on the defendant and said proof as far as it goes shows prima facie that the arrest was lawful, it is incumbent upon the plaintiff to proceed to show that the arrest was not lawful.

"Where a person is arrested under a warrant valid on its face based upon a complaint, sufficiently designating the offense, and issued by a justice of the peace, having jurisdiction of the offense tried, such person cannot maintain an action for false imprisonment." Emerson v. Lowe Mfg. Company, 159 Ala. 350, 49 So. 69; Pell City Manufacturing Company v. Swearingen, 156 Ala. 397, 47 So. 272.

Regardless of many assignments of error, collateral in character, the defendant was due the general charge as to each count of the complaint. The appellant insists in brief upon error as to the refusal to give the general charge as to count 1 (assignment of error 18), and for the refusal of same this case must be reversed. True, the contention is that it should have been given for reasons other than those outlined in this opinion, but the insistence is made whether the right reason be given or not.

The judgment of the circuit court is reversed, and the cause is remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.