# Wright *v.* The State.

## *Assault and Battery.*

(Decided June 30, 1911. 55 South. 931.)

1. *Evidence; Flight.*—Where it appeared that the witness lived about three miles from the defendant's place of residence and for two weeks after the difficulty remained on his own farm and did not go to the defendant's farm or the place where he was accustomed to work, the fact that he had not seen the defendant for two or more weeks after the commission of the alleged offense was not admissible on the issue of the defendant's flight.

2. *Witnesses; Examination; Competency.*—Notwithstanding the rule had been invoked it was within the discretion of the trial court to permit the state to examine a deputy sheriff as a witness although he had been in the court room while the other witnesses were testifying.

3. *Assault and Battery; Evidence.*—Where it appeared that a witness picked up a black-handled two-bladed knife with blood on it immediately after the difficulty, and the defendant admitted using the knife, it was proper to permit another witness to testify to seeing the knife near the wounded man at the scene of the difficulty shortly after it occurred and to describe the knife and its bloody appearance.

4. *Same; Condition of Grounds.*—Where the defendant sought to prove that he tried to avoid the difficulty and was backing out of reach until he was stopped by a log or sapling, and there was other testimony that the only log or sapling near the place of the difficulty lay along the side of the road and not across it, it was competent to permit a witness to testify if he knew the place where the fight was said to have occurred, the same being preliminary to the introduction of subsequent testimony as to whether or not the road was obstructed.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Cebe Wright was convicted of assault and battery and he appeals. Reversed and remanded.

LEITH & GUNN, for appellant. Counsel discuss assignments of error as to evidence, but without citation of authority. They insist that the court erred in refusing written charge 3, and cite *DeArman v. The State,*

[Wright v. The State.]

71 Ala. 356; *Jackson v. The State*, 77 Ala. 18. Also in refusing charge 16.—*Bones v. The State*, 117 Ala. 138; *Sherrill v. The State*, 138 Ala. 3, and authorities supra. Also in refusing charge 19.—*Kennedy v. The State*, 140 Ala. 1, and authorities supra.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The testimony as to the knife and its finding was properly admitted as part of the res gestae.—*Johnson v. The State*, 102 Ala. 1; *Fonville v. The State*, 91 Ala. 39; *A. G. S. v. Hawks*, 72 Ala. 112. It was permissible to show flight by the witness Dutton in the manner attempted, its weight being for the jury.—*Sweatt v. The State*, 156 Ala. 85; *Viberg v. The State*, 138 Ala. 100. It was within the discretion of the court to let the deputy sheriff be examined.—*Wilson v. The State*, 52 Ala. 299; *Barnes v. The State*, 88 Ala. 204; *Webb v. The State*, 100 Ala. 47; *Roberts v. The State*, 122 Ala. 47. It was competent to show the witness's knowledge of the place wherein the difficulty is said to have taken place, preliminary to his description of the place.— *Green v. The State*, 96 Ala. 29. Counsel discuss charges refused, but without citation of authority.

WALKER, P. J.—In the course of the examination of Marion Dutton, a farmer, who lived about three miles from the place of residence of the defendant, who was also a farmer, it developed that the witness remained on his own farm during the two weeks immediately after the date of the difficulty, and during that period did not go to the defendant's farm, or to where he had been accustomed to be at work. In these circumstances the fact that during that period the witness did not see the defendant could not have afforded any ground for a reasonable inference that the defendant had fled or se-

creted himself. On the issue as to the flight of the defendant after the difficulty the evidence was in conflict. The fact that a person who lived three miles away from the defendant, who made no effort to locate him, and who apparently was in no way concerned about his whereabouts, failed to see him during the period inquired about could not tend to make it probable that his failure to see the defendant during that period was because the defendant had fled; in other words, it had no tendencey to establish the fact in controversy. When the fact developed that the failure of the witness to see the defendant might as well be attributed to his keeping out of the latter's way as to the defendant not being at the places where usually he might be expected to be seen, the court should have sustained the motion of the defendant to exclude the statement of the witness as to his failure to see the defendant during the two weeks inquired about. That statement might have had some probative value if it had been made in connection with proof that the witness was looking for the defendant, as in the case of *Sweatt v. The State,* 156 Ala. 85, 47 South. 194.

In connection with the testimony of the witness W. A. Mayes as to his picking up a black-handled, two-bladed knife, with blood on it immediately after the fight, and the admissions of the defendant himself as to the use of the knife, it was not improper to permit the witness Dutton to testify as to his seeing the knife near the wounded man at the scene of the difficulty shortly after it occurred, and describing the knife and its bloody appearance. The evidence was calculated to throw some light on the nature of the assault with which the defendant was charged.

It was not an abuse of the discretion of the court to permit a court deputy to be examined as a witness by

the prosecution, though "the rule had been invoked and he had been in the courtroom while other witnesses were testifying.

The controversy in the trial in reference to the scene of the difficulty was not as to its location, but as to whether or not there was a log or sapling across the road; the testimony of the defendant tending to prove that he tried to avoid the difficulty, and was backing out of reach of his assailant until he was stopped by the obstruction, while the opposing testimony tended to show that the only log or sapling near the place of the fight lay along the side of the road, and not across it. Such being the nature of the controversy in this connection, the court was not in error in permitting a witness to be asked if he knew the place where the fight was said to have occured. Under the circumstances the question could not be regarded as an attempt to introduce hearsay testimony in reference to a matter in dispute, but was merely introductory of testimony subsequently given by the witness as to the fact within his knowledge of the road at that point being at that time obstructed or not.—*Richardson v. State,* 145 Ala. 46, 41 South. 82; *Stoball v. State,* 116 Ala. 454, 23 South. 162.

Other questions raised by the record need not be considered, as they may not arise on another trial. For the error above pointed out, the judgment must be reversed.

Reversed and remanded.