(92 South. 28)

### WILLIAMS v. STATE.    (4 Div. 680.)

(Court of Appeals of Alabama.   June 21, 1921. Rehearing Denied Oct. 4, 1921.)

1. Criminal law ⬤⟹351(3) — Evidence of defendant's flight held admissible.

In a prosecution for violating the prohibition laws, where the state had proved that when the officers entered a room in which defendant and another were present and in which there was a quantity of rum, defendant ran down the railroad track, it was competent for the state to prove that the officers found defendant about a month later at a place away from his home, where he had not been during the intervening time, as tending to show flight.

2. Intoxicating liquors ⬤⟹236(5)—Exercise of dominion over rum sustains conviction, even if another was the owner.

Evidence that rum was in the room of defendant, and that he was exercising dominion or control over it, either alone or in conjunction with another, is sufficient to sustain a conviction for violating the prohibition laws, even if the other was the owner of the liquor.

On Rehearing.

3. Criminal law ⬤⟹304(17)—Court of Appeals judicially knows who was county judge.

The Court of Appeals judicially knows who was the judge of the county court of the county in which the offense was committed.

4. Criminal law ⬤⟹218(2)—Warrant requiring appearance before person named, known to be county judge, with bond to appear before court, gives jurisdiction.

Though the better practice is to make warrants returnable to the county court, a warrant, issued by a justice of the peace made returnable before an individual named therein, who was in fact the county judge, with a bond executed by accused when the warrant was served conditioned for his appearance before the county court to answer the charge stated in the warrant, gives the county court jurisdiction to try and determine the cause.

5. Criminal law ⬤⟹260(6)—Judgment in county court, reciting appeal and suspension pending appeal, gives circuit court jurisdiction when defendant remains in custody.

A judgment entry in the county court, reciting an appeal to the circuit court from a conviction for misdemeanor and the suspension of the judgment awaiting the judgment of the circuit court, was as sufficient to give the circuit court jurisdiction of the cause if defendant remained in custody as if he had given bond for his appearance in the circuit court under Code 1907, § 6725, authorizing an appeal to the circuit court without bond if defendant remains in custody.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Wyatt Williams was convicted of violating the prohibition laws and he appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

While the state may show flight, it cannot be said that, where the officers made no effort to find defendant, it was competent for them to testify that they did not see him for more than a month. 1 Ala. App. 124, 55 South. 931; 156 Ala. 85, 47 South. 194. The court erred in refusing the charges. 178 N. Y. 274, 70 N. E. 786, 67 L. R. A. 131.

On rehearing the defendant insists that the circuit court did not acquire jurisdiction. 7 Ala. App. 80, 81 South. 858; section 6725, Code 1907.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. It having been shown that the officers went to defendant's house and saw defendant pouring rum into soda water bottles from a jug, filling six bottles, and that one McSwain, who was in the room with defendant, came out of the room with three of the bottles, leaving the others; that the officers captured McSwain, and defendant ran down the railroad; that the officers went in defendant's room and found the jug and three soda water bottles full of rum:

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] It was competent for the state to prove by one of the officers that they found defendant about a month after that on Mr. Spann's place, as tending to prove flight. The facts of this case are entirely different from the case of Wright v. State, 1 Ala. App. 124, 55 South. 931. In this case, the last seen of defendant by the officers on the night of the crime, he was fleeing down the railroad. When he was found he was away from his home off in the country, away from Dothan, where he had been working up to that night, and had not been about his room or place of employment for about a month.

[2] It was the undisputed evidence in this case that the whisky was in the room of the defendant, and that he was exercising dominion or control over it, either alone or in conjunction with McSwain. Under these facts, even if McSwain was the owner, the defendant would be guilty. Therefore the several charges requested by the defendant were properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[3, 4] This court judicially knows that S. W. Burkett was judge of the county court of Houston county; and, while the better practice is to make warrants returnable to the county court, still when a warrant is issued by a justice of the peace, returnable before the judge of the county court, even though the judge of the county court be designated by name only, and the party upon whom the warrant is served, recognizing this, executes a bond for his appearance before the county court to answer the charge named in the warrant, the county court acquires jurisdiction to try and determine the cause.

[5] Upon conviction in the county court on a charge of misdemeanor, the defendant may appeal to the circuit court under section 6725 of the Code without giving bond, by remaining in custody as provided by statute, which presumably he did in this case. The judgment entry in the county court reciting the appeal and suspension of judgment awaiting the judgment of the circuit court was sufficient to give the circuit court jurisdiction of the cause, and, the defendant having remained in custody pending the appeal, the circuit court had jurisdiction of the person as effectually as if the defendant had entered into bond for his appearance. Perry's Case, 17 Ala. App. 80, 81 South. 858, is not at all in point. In that case there was nothing to show the jurisdiction.

Whether the witness Kirkland was a de jure officer is of no moment under the facts in this case. He was one of the parties engaged in undertaking the arrest of this defendant, and as such showed an interest in knowing his whereabouts, and Kirkland's testimony indicates that he had been looking for the defendant since the night the whisky was found and the warrant issued.

Application overruled.