(104 So. 684)

## DABBS v. STATE. (6 Div. 763.)

(Court of Appeals of Alabama. May 19, 1925. Rehearing Denied June 9, 1925.)

1. Criminal law ⬅304(14)—Court of Appeals judicially knows location of judge of inferior court of Bessemer.

Court of Appeals judicially knows that judge of inferior court of Bessemer is in territory defined as being exclusively under jurisdiction of Bessemer division of circuit court of Jefferson county, under Loc. Acts, 1919, p. 62.

2. Criminal law ⬅218(2)—Warrant of arrest held not to mislead defendant as to where he should appear and defend charge made against him.

In liquor prosecution, warrant for defendant's arrest, issued by judge of inferior court of Bessemer, returnable to "Judge of Circuit Court of Tenth Judicial District of Alabama," held not to mislead defendant as to where he should appear and defend charge, in view of Loc. Acts 1919, p. 62.

3. Criminal law ⬅1090(14)—Refusal of written charges not considered without bill of exceptions.

Refusal of defendant's written charges would not be considered by Court of Appeals, where there was no bill of exceptions.

Appeal from Circuit Court, Jefferson County, Bessemer Division; Arthur E. Gamble, Judge.

Willis Dabbs was convicted of violating the prohibition law, and he appeals. Affirmed.

Defendant's plea is, in substance, as follows:

"The affidavit and the warrant each were sworn out and made returnable to the Tenth judicial circuit of Alabama, which is not embraced within, or any part of the circuit court of Jefferson county, Bessemer division, therefore this honorable court has no jurisdiction in this case," etc.

Pinkney Scott, of Bessemer, for appellant.

Demurrer to the plea to the jurisdiction should have been overruled. Hardeman v. State, 19 Ala. App. 563, 99 So. 53; Porter v. State, ante, p. 74, 101 So. 97; Nixon v State, 68 Ala. 536; McKinstry v. City of Tuscaloosa, 172 Ala. 347, 54 So. 629.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in sustaining demurrer to plea to jurisdiction. Williams v. State, 18 Ala. App. 286, 92 So. 28.

RICE, J. The defendant was convicted of violating the prohibition laws, by having prohibited liquors in his possession, and appeals.

The warrant for defendant's arrest, based upon proper affidavit, was issued by the judge of the inferior court of Bessemer, returnable to "the judge of the circuit court of the Tenth judicial circuit of Alabama." Defendant, being arrested under said warrant, executed bond for his appearance "at the present term of the circuit court, Bessemer division, Jefferson county, Alabama, etc."

[1, 2] This court judicially knows that the judge of the inferior court of Bessemer is in the territory defined as being exclusively under the jurisdiction of the Bessemer division of the circuit court of Jefferson county, under act of the Legislature of Alabama, approved August 18, 1919 (Local Acts, Alabama, 1919, p. 62). By that act it is provided that:

"In all cases where any process shall issue from the courts of such officers or inferior tribunals [that is, in the territory defined] returnable to the circuit court the same shall be returnable to the said circuit court of the Tenth

judicial circuit holding at Bessemer, and not elsewhere." Section 5.

Therefore we know the defendant was not misled as to where he should appear and defend the charge made against him. In fact, the execution of the appearance bond, made returnable as it was, we think, strongly indicative that defendant's plea to the jurisdiction was an afterthought. Williams v. State, 18 Ala. App. 286, 92 So. 28.

The trial court properly sustained the demurrers to defendant's plea to the jurisdiction.

[3] There is no bill of exceptions, and the defendant's refused written charges will not be considered.

There appearing no prejudicial error in the record, let the judgment be affirmed.

Affirmed.