### SYPHURS v. STATE. (6 Div. 662.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. Criminal law ⚖=97(½)—Court had jurisdiction of prosecution for possession of intoxicating liquors.

In prosecution for unlawfully possessing intoxicating liquors, court *held* to have jurisdiction where officers intercepted a car on a public highway, within jurisdiction of the court, in which defendant was riding, and which he stated he owned, and in which was found whisky.

2. Intoxicating liquors ⚖=236(6½)—Evidence held to sustain conviction for unlawful possession of.

In prosecution for the unlawful possession of intoxicating liquors, evidence *held* to sustain conviction.

3. Intoxicating liquors ⚖=238(1)—General affirmative charge for defendant properly refused, where evidence supported verdict returned.

In prosecution for the unlawful possession of intoxicating liquors, general affirmative charge for defendant *held* properly refused,

where there was abundant evidence to support verdict returned.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

E. N. Syphurs was convicted of violating the prohibition law, and he appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Process returnable to the Tenth judicial circuit court was insufficient for the trial in the Bessemer Division of that circuit. McKinstry v. Tuscaloosa, 172 Ala. 347, 54 So. 629; Osborn v. State, 125 Ala. 106, 27 So. 758; Porter v. State, 20 Ala. App. 74, 101 So. 97; Hardaman v. State, 19 Ala. App. 563, 99 So. 53. Defendant was due the affirmative charge. Thomas v. State, 15 Ala. App. 216, 72 So. 769.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The Bessemer court is a part of the Tenth judicial circuit, and the warrant here was sufficient. Williams v. State, 18 Ala. App. 286, 92 So. 28.

RICE, J. The defendant was convicted of violating the prohibition laws, by having liquors in his possession, etc., and appeals.

There is no merit in the contention of appellant that the court trying the defendant did not have jurisdiction. Willis Dabbs v. State, 20 Ala. App. 638, 104 So. 684.

[1] Some officers intercepted a car on a public highway, within the jurisdiction of the court, in which defendant was riding, and which he stated he owned. In the car at the time was defendant's son, who was driving it, the defendant, and one Morton. Defendant was on the front seat, by his son's side, and the son had a pistol in his overcoat pocket, and defendant had between his knees a double-barreled 10-gauge shotgun. There were three five-gallon cans of whisky in the back of the car, in the space between the front and rear seats of same, and a quart of whisky on the seat beside defendant.

[2, 3] There was abundant evidence to support the verdict returned, and the court committed no error in refusing the general affirmative charge requested by defendant.

We have examined each written charge refused to defendant, as well as each exception reserved on account of the admission or rejection of testimony. In each instance we find only elementary principles of law involved, and the trial court's action free from error.

The purported exceptions to portions of the trial court's oral charge are not reserved or presented in a way that merits consideration. However, we have carefully read said charge, and see no error in any part of it.

There being in the record no prejudicial error, let the judgment of conviction be affirmed.

Affirmed.