(112 So. 809)

### McCORMICK v. STATE. (5 Div. 649.)

Court of Appeals of Alabama. May 10, 1927.

Walter S. Smith, of Lineville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The prosecution was begun by affidavit before W. J. Vickers, a justice of the peace, who upon the affidavit issued a warrant for the arrest of defendant and made the same returnable before E. M. Moore, judge of

probate of Randolph county. The defendant, upon being arrested on the warrant, entered into bond to appear before the county court. In due time defendant was tried in the county court, was convicted, from whence he appealed to the circuit court, where he was again convicted, from which last conviction is this appeal. On the trial in the county court there was a motion to dismiss the prosecution, upon the specific grounds that the arrest and search of defendant was without warrant and was illegal and void. No ruling was had on this motion; the defendant proceeding to trial in the county court on his plea of not guilty.

The justice of the peace could properly issue his warrant in this case, returnable to the county court of Randolph county. Code 1923, § 3815: Red v. State, 167 Ala. 96, 52 So. 885. By section 3801 of the Code of 1923, the judges of probate are made ex officio judges of the several county courts, and this court is charged with a knowledge of that fact and of the fact that E. M. Moore was at the time of the issuance of the warrant in this case the incumbent of the office of judge of probate of Randolph county and ex officio judge of the county court. When, therefore, a warrant is issued by a justice of the peace returnable before the judge of probate in a county in which said judge is ex officio the judge of the county court, even though the judge be designated by name only, and the party upon whom the warrant is served, recognizing this, executes a bond for his appearance before the county court to answer the charge named in the warrant, the county court acquires jurisdiction to try and determine the cause. Williams v. State, 18 Ala. App. 286, 92 So. 28; Ex parte State, ex rel. Attorney General (McLosky v. State) 210 Ala. 458, 98 So. 708.

After the judgment of conviction in the county court, the defendant complied with section 3837 of the Code of 1923, and thereby transferred the cause to the circuit court. The motion of defendant made in the circuit court to strike the transcript of the proceedings in the county court, the plea to the jurisdiction, and the objection of defendant to the filing of the statement of the solicitor, were all properly disposed of in accordance with the law as hereinabove declared.

The defendant was arrested without warrant, in the nighttime, on the highway, and in his possession was found one quart of whisky. Many exceptions were reserved to the rulings of the court upon the admission of this and other testimony, upon the theory that, as the officer making the arrest had obtained the evidence in an illegal manner and by violating the defendant's constitutional right against search and seizure, such testimony was not admissible in evidence, and that defendant could not be legally convicted upon evidence thus obtained. All of these ex-ceptions are answered adversely to defendant's contention in Mary Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359; Cartwright v. City of Birmingham, 18 Ala. App. 411, 93 So. 305; Griggs v. State, 18 Ala. App. 467, 93 So. 499; Jones v. State, 19 Ala. App. 232, 96 So. 721.

We find no error in the record, and the judgment is affirmed.

Affirmed.