HARRIS, Judge.
Appellant was indicted by the Montgomery County Grand Jury for the offense of murder. The jury returned a verdict of guilty and the court sentenced appellant to life imprisonment. Appellant does not raise the sufficiency of the evidence as an issue on appeal.
The victim was a seven-month old baby girl who died as a result of blunt force trauma to her head. Her skull had been severely fractured, and her body evidenced numerous other puncture wounds, lacerations, blisters, and bruises, of both immediate and longer term infliction.
Appellant gave two statements in which he admitted whipping the baby with both his hands and a belt on the morning of October 15, 1981. She was admitted to the hospital that afternoon in an unconscious, rigid state with multiple facial and head injuries. Appellant admitted in his statement and in his testimony at trial that the child had been in his sole custody on the morning of the incident.
I
Appellant argues the trial court abused its discretion in excluding the chief investigating officer, a State’s witness, from the rule which provides for sequestration of witnesses. Appellant asserts the State presented no valid reason at trial to justify excluding the officer from the rule. The appellant, in objecting to the officer’s presence, based his objection on the fact that the officer was “not the victim,” and that he was the main investigating officer. The prosecution also informed the court that this same officer had taken both of appellant’s statements.
Our holding in Weatherford v. State, 369 So.2d 863, 865 (Ala.Cr.App.), cert. denied, 369 So.2d 873 (Ala.1979), cert. denied, 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979), disposes of this issues as follows:
“It was not error for the trial judge to excuse the police officer in charge of the investigation from a general order excluding witnesses from the courtroom. It is within the discretion of the trial judge to excuse some witnesses and not others from the operation of ‘the rule’ of exclusion. That discretion has been upheld in *179 the following cases involving the excusal of law enforcement officers. Webb v. State, 100 Ala. 47, 14 So. 865 (1894); Lewis v. State, 55 Ala.App. 140, 313 So.2d 566 (1975); James v. State, 52 Ala.App. 389, 293 So.2d 305 (1974); Goodman v. State, 52 Ala.App. 265, 291 So.2d 358 (1974); Browning v. State, 51 Ala.App. 632, 288 So.2d 170 (1974); Denson v. State, 50 Ala.App. 409, 279 So.2d 580 (1973); DeFranze v. State, 46 Ala.App. 283, 241 So.2d 125 (1970); Elrod v. State, 281 Ala. 331, 202 So.2d 539 (1967); Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, cert. denied, 251 Ala. 129, 36 So.2d 571 (1948); McKenzie v. State, 26 Ala. App. 295, 158 So. 773 (1935); Wright v. State, 1 Ala.App. 124, 55 So. 931 (1911). See also C. Gamble, McElroy’s Alabama Evidence, § 286.01 (3rd ed. 1977).
“While the discretion of the trial judge is not an arbitrary one and must not be abused, permitting one law enforcement officer to remain in court during the presentation of the evidence, notwithstanding the rule to exclude witnesses, is a common and usual practice.”
Appellant asserted no reason at trial or on appeal sufficient to demonstrate an abuse of discretion by the trial judge. We point out that in this case the victim was a deceased infant, unable to assist the prosecution at trial. Our review of the record and of the evidence in its entirety reveals no actual prejudice inured to appellant as a result of the officer’s presence during the trial proceedings. Consequently, we find no error in this regard. Weatherford, supra.
We note also our recent statement in Young v. State, 416 So.2d 1109, 1111 (Ala. Cr.App.1982), holding as follows:
“Where the rule for the exclusion of witnesses from the courtroom is invoked, it is within the sound discretion of the trial court to allow any one of the witnesses to remain in the courtroom during the examination of the others and the exercise of this discretion is not reviewable on appeal.” (Citations omitted.)
II
Appellant asserts the trial court erred in the following ruling, made during the cross-examination of the victim’s mother by defense counsel:
“MR. SMITH: On or about October the 1st of 1981 at 1720 West Haven here in the City of Montgomery did you pull a gun on him?
“MR. McKNIGHT: We object. That has nothing to do with this case.
“THE COURT: Approach the bench. “(WHEREUPON, the following occurred at the bench as follows;)
“THE COURT: What’s this got to do with it?
“MR. SMITH: To show she’s a violent person, Your Honor. I’m trying the case to the best of my ability.
“THE COURT: Do you think it’s admissible?
“MR. SMITH: Yes, sir.
“THE COURT: On what grounds?
“MR. SMITH: To show that she was a violent person herself.
“THE COURT: Sustained.”
Appellant’s counsel now asserts for the first time on appeal that the testimony was offered, not only to show that the witness was a violent person, but to show she had a motive to kill her child. The motive asserted by appellant is that, because the witness had found the appellant in a compromising situation with another woman (the occasion of the gun being used), the witness killed her baby in order to frame the appellant as revenge for his infidelity to her. Appellant also argues the testimony should have been allowed to show the witness’s bias towards him.
When error is predicated upon an exception to the ruling of the trial court in sustaining an opposing party’s objection to questions propounded to a witness, error cannot be incurred, unless the trial court was made aware of what testimony the question was expected to elicit, and unless it further appears that it was material to the issues in the case. Ex Parte Fields, 382 So.2d 598 (Ala.1980).
*180 “If a fact is offered for a specified purpose, and such fact is not admissible for that purpose, the trial court’s rejection of the offer will be affirmed even though there existed an unspecified purpose for which such fact was admissible. This principle is well stated: ‘A party offering, on one ground, evidence which is thereupon excluded may not, on appeal, urge that it was admissible on another ground.’ ”
C. Gamble, McElroy’s Alabama Evidence § 425.01(13) (3d ed. 1977)
The record makes it clear that, when the trial court inquired of appellant’s counsel as to why the evidence should be admitted, he was neither told that appellant was seeking to introduce this evidence to prove a motive on the part of the witness to kill her baby nor to indicate her bias towards appellant.
The motive of another to commit the crime for which the appellant is being prosecuted, without further evidence to indicate that such other committed the crime, is not admissible. Bowen v. State, 140 Ala. 65, 37 So. 233 (1904); McElroy’s, supra § 48.01(7). There was no evidence whatsoever to indicate that the witness committed the murder.
As well, the evidence was clearly inadmissible for the purpose for which the defense counsel stated it was being offered. Appellant was attempting to show the witness’s character for violence. An accused cannot prove the character of another for the purpose of showing that such other, rather than the appellant, committed the crime charged. McAdams v. State, 378 So.2d 1197 (Ala.Cr.App.1979). .
Finally, any potential error which appellant might have incurred from the sus-tention of the State’s objection was cured and eradicated when the court allowed appellant to later elicit the same evidence, in much greater detail, from a defense witness. Watson v. State, 398 So.2d 320 (Ala. Cr.App.1980), cert. denied, 398 So.2d 332 (Ala.1981), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).
Ill
Appellant argues the trial court erred in admitting an incriminating statement made by appellant when a proper voluntariness predicate had not been established. The record reflects the following:
“Q All right. Did anybody read the defendant his rights out there?
“A Yes, sir.
“Q Who was that?
“A Sergeant Farrior.
“Q All right. Did you or Sergeant Far-rior start to question Monique’s mother, Carolyn?
“A Sergeant Farrior.
“Q All right. What, if anything, did the Defendant say when Sergeant Farrior started asking Carolyn about what happened to the baby?
“MR. SMITH: We object to this unless he read the Defendant his rights.
“Q Was the Defendant read his rights prior to the time out there that he made any statement?
“A Yes, sir.
“Q All right. What, if anything did he say when Sergeant Farrior started to question Carolyn about what happened to the baby?
“MR. SMITH: Objection. Proper predicate hasn’t been laid, Your Honor.
“THE COURT: Overruled.
“Q Go ahead, sir.
“A I can’t remember exactly, but it was something to the effect that she had ... she knew nothing about it.
“Q She knew nothing about it. And that’s right there out on the spot at the hospital where he says this?
“A Yes, sir.
“Q And he volunteered that?
“A Yes, sir.
“Q Nobody asked him?
“A I can’t remember, sir.”
The record reflects the appellant’s statement was a spontaneous exclamation, made not in response to interrogation of appellant, but volunteered during investigatory questioning of the victim’s mother. Appel *181 lant requested no hearing and offered no evidence to prove otherwise. Miranda warnings were not required, therefore. Laffitte v. State, 370 So.2d 1108 (Ala.Cr. App.), cert. denied, 370 So.2d 1111 (Ala. 1979). Carroll v. State, 370 So.2d 749 (Ala. Cr.App.), cert. denied, 370 So.2d 761 (Ala. 1979); Garrison v. State, 372 So.2d 55 (Ala. Cr.App.1979).
As well, the record reflects that appellant had been read his rights prior to volunteering the statement.
Finally, the appellant allowed two confessions to be read into the record without objection after the testimony quoted above was allowed into evidence. In both confessions appellant exonerated the victim’s mother from guilt and admitted that he had beaten the baby. Thus, any potential error in admitting the first statement would have been harmless error. Carroll, supra.
IV
Appellant argues that the introduction of hearsay evidence at trial made it incumbent upon the trial judge, ex mero motu, to declare a mistrial. The record reflects the following occurred:
“Q Do you have a judgment, medical judgment as to how the injuries were sustained by the child?
“A This was a seven-month old child. The child is not capable of getting around on its on and certainly there was no history of an automobile accident. At the time I was told the child was beaten from the DPS worker and, certainly—
“MR. SMITH: We object to that, Your Honor and would ask the Court instruct the jury to disregard it.
“THE COURT: Sustained. The jury will disregard the last statement.”
The question addressed to the witness was a proper one. However, part of the information volunteered by the witness in answering the question was objectionable as hearsay. Because appellant’s objection was sustained by the trial court and the jury instructed to disregard the answer, there was no reversible error. Shack v. State, 236 Ala. 667, 184 So. 688 (1938).
After the appellant’s objection was sustained, his counsel requested no further curative action. There was therefore, no adverse ruling of which to complain here on appeal. Barnes v. State, 361 So.2d 390 (Ala. Cr.App.), cert. denied, 361 So.2d 396 (Ala. 1978); Harbin v. City of Huntsville, 333 So.2d 625 (Ala.Cr.App.1976); Richardson v. State, 374 So.2d 433 (Ala.Cr.App.1979).
There was no reason for the trial judge to declare a mistrial ex mero motu. A declaration of a mistrial indicates a miscarriage of justice and is only granted where it is clearly manifest that justice cannot be insured. Long v. State, 370 So.2d 354 (Ala.Cr.App.1979). Declaring a mistrial in this case would have been particularly uncalled for in light of the fact that the appellant admitted beating the baby. See, Lawson v. State, 377 So.2d 1115 (Ala.Cr. App.), cert. denied, 377 So.2d 1121 (Ala. 1979).
V
Appellant argues the trial court erred in refusing to give his requested written charges on the lesser included offense of criminally negligent homicide.
At the close of the court’s charge, appellant announced he was satisfied. No exception was taken to the court’s refusal to give his requested written charges on the lesser included offense of criminally negligent homicide. Lidge v. State, 419 So.2d 610, 613 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982), disposes of this issue as follows:
“The proper way to raise the question of the failure of a trial judge to charge on a lesser included offense is by a written requested charge, not by an objection or exception to the court’s oral charge. Ciervo v. State, 342 So.2d 394 (Ala.Cr. App.), cert. denied, Ex parte Ciervo, 342 So.2d 403 (Ala.1976); Posey v. State, 337 So.2d 113 (Ala.Cr.App.1976); Long v. State, 24 Ala.App. 571, 139 So. 113 (1932). Additionally, defense counsel must object to the failure of the trial judge to give his *182 written requested instructions. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981).”
Because appellant failed to object to the court’s failure to give his written charges and state the grounds of his objection, any potential error has not been presented for appellate review. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), aff'd, Ex parte Allen, 414 So.2d 993 (Ala.1982); Lidge, supra; Blakely v. State, 418 So.2d 935 (Ala.Cr.App. 1982); Chambers v. State, 418 So.2d 948 (Ala.Cr.App.1982).
No error harmful to the substantial rights of appellant having been demonstrated on appeal, this case is affirmed.
AFFIRMED.
All the Judges concur.